## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Lindsey, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

August 29, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-1234** (Randolph County 13-C-132)

**Jim Rubenstein, Commissioner, West Virginia**
**Division of Corrections, and Dennis W. Foreman,**
**Chairman of the West Virginia Parole Board,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Robert Lindsey, Jr., appearing *pro se*, appeals the October 18, 2013, order of the Circuit Court of Randolph County that denied his petition for a writ of habeas corpus following the revocation of his parole. Respondents Jim Rubenstein, Commissioner, West Virginia Division of Corrections, and Dennis W. Foreman, Chairman of the West Virginia Parole Board, by counsel Stephen R. Connolly, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 27, 1995, petitioner was convicted for possession with intent/delivery of a controlled substance. Because the conviction was petitioner's third felony, he was also convicted under the recidivist statute, West Virginia Code §§ 61-11-18 and -19. Petitioner was sentenced to a life term in prison with the possibility of parole after fifteen years. On January 2, 2013, petitioner was granted release on parole. On March 11, 2013, petitioner violated the terms and conditions of his parole by using cocaine and marijuana. Petitioner pled guilty to the parole violation at his May 28, 2013, revocation hearing. The West Virginia Parole Board ("board") revoked petitioner's parole and remanded him to prison to resume his life sentence.

On July 2, 2013, petitioner administratively appealed the parole revocation arguing that the board should have applied the 2013 amendments to West Virginia Code § 62-12-19 because the Legislature passed the amendments when his revocation was still pending. As amended, West Virginia Code § 62-12-19 generally requires the board to give first- and second-time violators short terms of incarceration, rather than revoking their parole, except for a certain class of serious

1

violations. *See* W.Va. Code §§ 62-12-19(a)(2)(A) and (B) (2013 Supp.).

The board chairman denied petitioner's appeal noting that while the amendments passed the Legislature on April 13, 2013, they were not to be effective until ninety days from passage, or July 13, 2013. Following the board chairman's denial of his appeal, petitioner filed petition for a writ of habeas corpus challenging his parole revocation. On October 18, 2013, the circuit court denied the petition and rejected petitioner's argument that the 2013 amendments to West Virginia Code § 62-12-19 should have been applied to his revocation proceeding, stating as follows:

13. That the Petitioner's argument that the amendments to West Virginia Code § 62-12-19—Violation of Parole, should have taken effect immediately because they are procedural in nature is wholly without merit.

14. While the Court notes that the West Virginia Supreme Court has held that statutory changes that are purely procedural in nature can apply retroactively, the Court finds no authority to support the notion that a substantive statutory change, such as the change to West Virginia Code § 62-12-19—Violation of Parole, can or should apply retroactively.

The circuit court also rejected petitioner's argument that the board should have permitted him to participate in a drug treatment program rather than remanding him to prison.

Petitioner appeals the circuit court's October 8, 2013, denial of his habeas petition challenging his parole revocation. We apply the following standard of review in habeas cases:

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). In addition, the board's decision with regard to a prisoner's release on parole is subject only to review for an abuse of discretion. *See* Syl. Pt. 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981).

On appeal, petitioner argues that (1) the board should have applied the 2013 amendments to West Virginia Code § 62-12-19 because they were procedural in nature; and (2) the board should have permitted him to participate in a drug treatment program rather than remanding him to prison. Respondents counter that the circuit court's October 8, 2013, order should be affirmed.

With regard to petitioner's retroactivity argument, this Court first notes that petitioner's position that April 13, 2013, was the amendments' actual operative date is contrary to article VI, section 30 of the West Virginia Constitution, which provides that a statute is effective ninety days from passage "unless the Legislature shall by a vote of two thirds of the members elected to each house . . . otherwise direct." Even assuming, arguendo, that April 13, 2013, was the amendments'

2

operative date, with regard to the law of retroactivity of statutes,[1] the distinction petitioner draws between substantive and procedural laws represents a false dichotomy that this Court rejected in *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 335, 480 S.E.2d 538, 544 (1996):

> In contrast [to substantive provisions], remedial and procedural provisions are applied normally to pending cases despite the absence of a clear statement of legislative intent to do so. . . . *But, even here the procedural/substantive distinction is not talismanic. The test of the interpretive principle laid down by the United States Supreme Court in* <u>Landgraf [v. USI Film Products</u>*, 511 U.S. 244, 114 S.Ct. 1483 128 L.Ed.2d 229 (1994),] is unitary.* It is whether the "the new provision attaches new legal consequences to events completed before its enactment." 511 U.S. at 270, 114 S.Ct. at 1499, 128 L.Ed.2d at 255. *If a new procedural or remedial provision would, if applied in a pending case, attach a new legal consequence to a completed event, then it will not be applied in that case unless the Legislature has made clear its intention that it shall apply.*

(Emphasis added; footnote omitted.). A plain reading of West Virginia Code § 62-12-19 clearly shows that the Legislature did not include necessary language for the amended statute to apply retrospectively and, therefore, intended for it to operate only prospectively.[2] Thus, this Court finds that the circuit court did not err in determining that the 2013 amendments to West Virginia Code § 62-12-19 should not have been applied to petitioner's revocation.

With regard to petitioner's second argument, while petitioner claims that he is a drug addict who needs treatment, petitioner's conviction under the recidivist statute evidences the fact that he is also a habitual criminal. Therefore, this Court cannot say that the board abused its discretion in remanding petitioner to prison. Accordingly, we conclude that the circuit court correctly denied the petition for a writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

---

[1] If the April 13, 2013, was the effective date, the 2013 amendments would have still become operative after petitioner violated his parole on March 11, 2013.

[2] *Accord State v. Hann*, No. 13-1050, 2014 WL 1686895, at *2 (W.Va. Supreme Court, April 28, 2014) (probation statute West Virginia Code § 62-12-10—in same article as West Virginia Code § 62-12-19 and also amended in 2013—was intended to apply only prospectively).

3

**ISSUED:**  August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II